NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUSAN BURNAROOS, | No. 13-35952 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-03073-JTR |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
John Tyler Rodgers, Magistrate Judge, Presiding

Submitted July 10, 2015**
Seattle, Washington

Before: NGUYEN and FRIEDLAND, Circuit Judges and ZOUHARY,*** District Judge.

Susan Burnaroos appeals the district court's affirmance of the

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Jack Zouhary, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

1

Commissioner's denial of Social Security and Supplemental Security Income disability benefits. We review the district court's order de novo and the Commissioner's denial of benefits for substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We affirm.

1. The Administrative Law Judge ("ALJ") gave germane reasons for disregarding the Mental Medical Source Statement of Nina Rapisarda, M.S.W. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). Substantial evidence supported the ALJ's conclusions that Burnaroos's condition improved during 2009 and 2010, and that her complaints about agoraphobia and paranoia symptoms resolved over time and were inconsistent with her activities of daily living.

2. The ALJ did not fail to consider evidence from Shahm Martini, M.D., Jay Toews, Ed.D., Billy Nordyke, D.O., and Sandra Birdlebough, A.R.N.P. The ALJ specifically considered and cited the documents containing their opinions, and discussed Nordyke and Birdlebough's documents at length.

3. The ALJ provided specific, clear and convincing reasons for disbelieving Burnaroos's statements regarding the intensity of her symptoms. *See Molina*, 674 F.3d at 1112. Burnaroos's symptoms improved with treatment, and her daily living activities were inconsistent with her statements about symptom intensity. *See id.* at 1112-13. Because the ALJ's reasons were supported by the record, any other error

2

by the ALJ with respect to Burnaroos's credibility was harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

4. Although the ALJ incorrectly concluded that there was no record support for a diagnosis of ADHD, this error was harmless because substantial evidence supported the ALJ's conclusion that Burnaroos's ADHD was not a severe impairment. Specifically, Dr. Klein testified that the medical record was not consistent with a diagnosis of ADHD, and the ALJ could reasonably conclude that Burnaroos's decision to not take ADHD medications for a period of time suggests her symptoms were not severe. *Cf. Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (concluding that a claimant's decision to stop taking medicine undercut his testimony that his condition was debilitating).

5. The ALJ did not err in concluding that Burnaroos can do work she did in the past as a housekeeper and fast food worker. Burnaroos's time as a housekeeper was past relevant work because it occurred during the last 15 years, was substantial gainful activity, and lasted long enough for her to learn to do it. *See* 20 C.F.R. § 404.1560(b)(1). There was also no error in the hypothetical that the ALJ posed to the vocational expert, which adequately addressed Burnaroos's difficulties interacting with the general public and responding to supervisors. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (stating that an ALJ's hypothetical must contain the limitations that an ALJ finds credible and supported by substantial

3

evidence).

**AFFIRMED.**